**In Re: Todd LEVON, Petitioner.**

**No. 09–1003.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
April 2, 2009.

Opinion filed: May 1, 2009.

See also, 2009 WL 1011611, 2009 WL 2038227, and 2009 WL 2176349.

---

Todd Levon, Bradford, PA, pro se.

Jennifer R. Andrade, Esq., Office of the United States Attorney, Pittsburgh, PA, for Francisco Quintana and Kent Cannon.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Todd Levon, a federal prisoner proceeding pro se, filed this mandamus petition pursuant to 28 U.S.C. § 1651, seeking an order directing the Magistrate Judge to rule on his motion for preliminary injunction. For the foregoing reasons, we will deny the petition.

On November 17, 2008, Levon filed a habeas petition under 28 U.S.C. § 2241 in the Western District of Pennsylvania requesting that he be placed in the Residential Drug and Alcohol Treatment Program ("RDAP"). Levon proceeded to file several amendments to his petition and motions for preliminary injunction. On January 5, 2009, Levon filed the instant mandamus petition. Levon asserts that he has experienced unreasonable delay in the adjudication of his motion and that he will suffer irreparable harm if he is not placed in the RDAP program.

The writ of mandamus is reserved for the most "extraordinary situations." *DeMasi v. Weiss*, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that no other adequate means are available to obtain the desired relief and that the right to issuance of the writ is "clear and indisputable." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384, 74 S.Ct. 145, 98 L.Ed. 106 (1953) (quoting *United States v. Duell*, 172 U.S. 576, 582, 19 S.Ct. 286, 43 L.Ed. 559 (1899))).

District courts have discretion over the management of their dockets. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir.1982). When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." *Allied Chem. Corp.*, 449 U.S. at 35–36, 101 S.Ct. 188. Nevertheless, a writ of mandamus may be warranted when a district court's failure to act is tantamount to a refusal to exercise jurisdiction. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). This case does not meet that standard.

A review of the docket for the underlying proceeding shows that a hearing on Levon's request was conducted on March 26, 2009. The minute entry for the hearing suggests that a Report and Recommendation is forthcoming. We are confident that the District Court will issue its decision in a timely fashion. Accordingly, we will deny Levon's mandamus petition without prejudice.